IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PAYSON MICHAEL YOUNG**, | Case No. 3:25-cv-2223-YY |
| Plaintiff, | **ORDER** |
| v. | |
| **STATE OF OREGON, DEPARTMENT OF HUMAN SERVICES**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee You issued Findings and Recommendation in this case on January 14, 2026. Judge You recommended that this Court dismiss Plaintiff's Amended Complaint (ECF 7) because his claims are barred by *Younger* abstention. *See generally Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (describing doctrine); *Betschart v. Oregon*, 103 F.4th 607, 617 (9th Cir. 2024).[1] No party has filed objections.

---

[1] "Under *Younger*, federal abstention is warranted when '(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.'" *Betschart*, 103 F.4th at 617 (quoting *Page v. King*, 932 F.3d 898, 901-02 (9th Cir. 2019)).

PAGE 1 – ORDER

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections, the Court follows the recommendation of the Advisory Committee and reviews Judge You's Findings and Recommendation for clear error on the face of the record. No such error is apparent. Further, dismissal without prejudice and without leave to replead is proper because Plaintiff seeks only injunctive relief that, if ordered, would collaterally attack the pending state proceedings. Under *Younger*, therefore, amendment of the complaint would be futile. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile.");

*Rinegard-Guirma v. US Bank Nat. Ass'n*, 2013 WL 4017884, at *2 (D. Or. Aug. 6, 2013) ("Here, dismissal without prejudice is appropriate because it is apparent on the face of Plaintiff's Complaint that the relief she seeks necessarily implicates *Younger* and requires dismissal.").

The Court ADOPTS Judge You's Findings and Recommendation, ECF 8. Plaintiff's amended complaint, ECF 7, is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

DATED this 23rd day of February, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge